**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE MERCEDES RIOS-FLORES, | No. 08-72876 |
| Petitioner, | Agency No. A094-371-830 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Jose Mercedes Rios-Flores, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that the beating and subsequent threat Rios-Flores suffered did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (beating and repeated threats of harm or death were not "so severe as to compel a finding of past persecution"). Substantial evidence also supports the agency's determination that Rios-Flores did not establish a clear probability of future persecution. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 747 (9th Cir. 2006) (concluding that threats received thirteen years prior did not establish clear probability of future persecution). Accordingly, Rios-Flores' withholding of removal claim fails.

In addition, substantial evidence supports the agency's denial of CAT relief because Rios-Flores failed to establish it is more likely than not he will be tortured upon return to El Salvador. *See Wakkary,* 558 F.3d at 1067-68.

Finally, we decline to consider the new evidence Rios-Flores references in his opening brief because our review of the BIA's order is limited to the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED.**